FILED

2022 Feb-18  AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SURLES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:21-cv-1236-RDP-JHE** |
| | ) | |
| **WARDEN DEBORAH TONEY, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### MEMORANDUM OPINION

On January 18, 2022, the Magistrate Judge entered a Report and Recommendation, which recommends Petitioner Christopher Surles's petition for a writ of habeas corpus be dismissed with prejudice as untimely filed.  (Doc. 11).  The Magistrate Judge advised Surles of his right to file specific written objections to the Report and Recommendation within 14 days.  (*Id.*).

On January 26, 2022, the court received a document from Surles styled, "Affidavit for Default Judgment." (Doc. 12).  To the extent Surles seeks a default judgment against Respondents, the request is **DENIED**, and any objection based on Respondents's alleged default is **OVERRULED**.  Even if Respondents had failed to timely address pertinent claims, the government's tardiness in responding to a habeas petition does not entitle a petitioner to habeas relief in the form of a default judgment.  *See Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) (recognizing default judgment is not contemplated in habeas cases); *Goodman v. Keohane*, 663 F.2d 1044, 1047 n.4 (11th Cir. 1981) (rejecting the petitioner's argument that the government's tardiness in responding to his petition entitled him to habeas relief).

To the extent Surles further challenges the Magistrate Judge's findings, his objections are without merit.  Specifically, Surles contends the Magistrate Judge failed to address his alleged

Sixth Amendment violation "in reference to the newly discovered evidence found at trial." (Doc. 12 at 2). And, in response to the recommendation his petition be dismissed as untimely, Surles asserts "jurisdiction can be challenged at any time." (*Id.*). These objections are **OVERRULED**.

With certain exceptions, which as explained below and by the Magistrate Judge are not applicable here, 28 U.S.C. § 2244 provides a one-year statute of limitations for habeas claims brought pursuant § 2254. As to Surles's 2014 murder conviction, this one-year limitations period began to run on February 11, 2016, ninety days after the certificate of judgment was entered in his case. (*See* Doc. 8-21). Thus, Surles had until February 13, 2017, to file a federal habeas petition.[1] Because he did not, the period for filing expired (in the absence of the application of an exception to this general rule).

As the Magistrate Judge explained, (1) there are no applicable exceptions to the statute of limitations that apply in this case, and (2) Surles's argument that jurisdictional challenges may be raised at any time is without merit. *See, e.g., Pope v. Butler*, No. 6:12-CV-2623-WMA-PWG, 2012 WL 4479263, at *1 (N.D. Ala. Sept. 24, 2012), quoting *Brown v. Patterson*, No. 2:10-CV-280-TMH, 2012 WL 3264896, at *3 (M.D. Ala. June 18, 2012), report and recommendation adopted, No. 2:10-CV-280-TMH, 2012 WL 3264556 (M.D. Ala. Aug. 9, 2012) ("While Pope argues 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'").

---

[1] The limitations period expired on February 11, 2017. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (noting "limitations period expires on the anniversary of the date it began to run"). Because February 11, 2017, fell on a Saturday, the period extended to Monday, February 13, 2017. *See* Fed. R. Civ. P. 6(a)(1)(C).

The court has considered the entire file in this action, together with the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be adopted and approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the Magistrate Judge as the findings and conclusions of this court. The petition for a writ of habeas corpus is due to be dismissed. A separate Order will be entered.

This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This court finds Surles's claims do not satisfy either standard.

**DONE** and **ORDERED** this February 17, 2022.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE